J-S51005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| SHAWNN DAVIS, | : | |
| Appellant | : | No. 2385 EDA 2017 |

Appeal from the PCRA Order June 12, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004958-2009,
CP-51-CR-0004964-2009, CP-51-CR-0004968-2009,
CP-51-CR-0004970-2009, CP-51-CR-0005044-2009,
CP-51-CR-0007039-2008

BEFORE: DUBOW, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:            **FILED JANUARY 23, 2019**

Appellant, Shawnn[1] Davis, appeals *pro se* from the June 12, 2017 Order entered in the Philadelphia County Court of Common Pleas dismissing as untimely his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm on the basis that Appellant's PCRA Petition is untimely and this Court, thus, lacks jurisdiction to review the Petition.

The underlying facts are not relevant to the instant appeal. Briefly, on June 18, 2010, Appellant entered negotiated guilty pleas to numerous counts

---

[1] Contrary to much of the certified record, we note that Appellant signed his *pro se* pleadings as "Shawn Davis" rather than "Shawnn Davis."

of Robbery, Criminal Conspiracy, and Possession of an Instrument of Crime.[2]

That same day, the trial court imposed the negotiated aggregate sentence of

12½ to 25 years' incarceration.  Appellant did not file a direct appeal.

Appellant's Judgment of Sentence thus became final thirty days later on July

19, 2010, upon expiration of the time to file a direct appeal.[3]  **See** Pa.R.A.P.

903(a); 42 Pa.C.S. § 9545(b)(3).

On February 22, 2017, Appellant filed the instant *pro se* PCRA Petition,

his first, challenging the legality of his sentence.  The PCRA court appointed

counsel and eventually permitted counsel to withdraw pursuant to

**Turner/Finley**.[4]  On June 12, 2017, the PCRA court dismissed the instant

PCRA Petition without a hearing after providing notice pursuant to

Pa.R.Crim.P. 907.

Appellant timely filed a *pro se* Notice of Appeal.[5]  Both Appellant and the

PCRA court complied with Pa.R.A.P. 1925.

_____

[2] 18 Pa.C.S. § 3701; 18 Pa.C.S. § 903; and 18 Pa.C.S. § 907, respectively.

[3] July 18, 2010, was a Sunday.  **See** 1 Pa.C.S. § 1908.

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] We note that Appellant filed a single notice of appeal after the trial court entered a single sentencing order listing six separate docket numbers.  In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court announced, "[I]n future cases [Pa.R.A.P.] 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed.  The

Appellant presents two similar issues for our review:

1. Absent [**McMillan**[6]], is Pennsylvania's mandatory minimum sentencing act void?

2. Absent [**McMillan**], has Pennsylvania lost constitutional authority to link offense to punishment?

Appellant's Brief at 5 (capitalization omitted).

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014).

Before addressing the merits of Appellant's PCRA claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

A court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). As detailed above, Appellant had until July 19, 2011, to file his PCRA Petition. His filing on February 22, 2017, was, therefore, untimely by more than five years.

_____

failure to do so will result in quashal of the appeal." **Id.** at 977 (footnote omitted). **Walker** was decided on June 1, 2018, after Appellant filed his appeal in the cases before us. Accordingly, **Walker** is not controlling in the instant appeal, and we decline to quash Appellant's appeal.

[6] **McMillan v. Pennsylvania**, 477 U.S. 79 (1986).

Pennsylvania courts may consider an untimely PCRA petition if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1). Any petition invoking a timeliness exception must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Here, Appellant has not attempted to plead or prove that his Petition falls within the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1). Therefore, Appellant has not met his burden under the PCRA.

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/19

- 4 -